IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

FILED

| | | |
|---|---|---|
| FELICIA SMITH<br>24871 Farringdon<br>Euclid, OH 44123<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.<br>c/o Janet Miller<br>3605 Warrensville Center Road, Msc 9110<br>Shaker Heights, OH 44122<br><br>-and-<br><br>HOLLY L. REILLY<br>Address unknown<br><br>-and-<br><br>WILLIAM P. LAWRENCE<br>Address unknown<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>Complaint<br>PETER J CORRIGAN<br>CV 09 697251<br><br>COMPLAINT<br>(JURY TRIAL DEMAND ENDORSEMENT) |

2009 JUN 30 P 2: 22
GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

$100.00 DEPOSITED
3869
JUN 30 2009
SECURE COSTS
GERALD E. FUERST, Clerk of Courts
PER _____ DEPUTY

For her Complaint, Plaintiff, Felicia Smith ("Smith"), asserts:

1. Plaintiff was and is an African-American residing in the City of Euclid, Cuyahoga County, Ohio.

2. University Hospitals Health System, Inc. ("UHHS") is a regional health system that operates hospitals located in the northeast Ohio region. UHHS operates and establishes policies and procedures for its affiliate hospitals, including University Hospitals, Richmond Medical Center ("UH-Richmond").

3. UHHS and UH-Richmond are located in Cuyahoga County, Ohio.



EXHIBIT A

4. Holly L. Reilly ("Reilly") was at all times material to this matter an employee of UHHS, and held the position of Vice President of Human Resources. Ms. Reilly's address is currently unknown.

5. William P. Lawrence ("Lawrence") was at all times material to this matter an employee of UHHS, and held the position of President of UH-Richmond. Mr. Lawrence's address is currently unknown.

6. UHHS is, and at all time material to this matter was, an employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-*et seq.*, as amended ("Title VII"), and R.C. 4112.02.

7. At all times material to this matter, Ms. Reilly and Mr. Lawrence were employers under R.C. 4112.02.

8. Since August 2007, Ms. Smith has worked for UHHS at UH-Richmond as a Human Resource Generalist ("HR Generalist").

9. Ms. Smith is qualified for the HR Generalist position that she holds, and she properly performs all of the duties and responsibilities of her position.

10. In January of 2008, Tiffany Brown ("Brown"), Ms. Smith's then direct supervisor, filed an internal EEO complaint against UHHS for both race and sex discrimination.

11. Attorney David Campbell ("Campbell") served as a third party investigator of Ms. Brown's complaint.

12. In January and February 2008, Mr. Campbell questioned Ms. Smith and Alecia Andrews ("Andrews"), a white female who served as the Human Resource Assistant in Ms. Brown's department, regarding their knowledge of the treatment of Ms. Brown by UHHS management and its leadership team. Ms. Smith responded to Mr. Campbell's inquiries as requested.

13. Ms. Smith reported directly to Ms. Brown for all of the 2007 review period.

14. On February 25, 2008, Ms. Brown was placed on medical leave from UHHS. Ms. Brown's employment with UHHS officially ended in April 2008.

15. Before her UHHS employment ended, Ms. Brown evaluated Plaintiff's performance and graded it an "A."

16. However, on or about April 2, 2008, Ms. Reilly and Mr. Lawrence down-graded the evaluation to a "C," which is the lowest rating under the UHHS performance rating scale.

17. Ms. Smith received no warnings or other indication that her performance was of the "C" (poor) rating until Ms. Reilly and Mr. Lawrence notified Ms. Smith that they had down-graded her performance rating.

18. UHHS, Ms. Reilly and Mr. Lawrence failed to provide Ms. Smith with adequate support for her "C" performance rating.

19. Ms. Smith timely filed a charge of retaliation and race discrimination with the EEOC, No. 532-2008-01104, on or about April 28, 2008.

20. On April 1, 2009, the EEOC issued to Ms. Smith a right-to-sue notice based on EEOC's finding that reasonable cause to believe that UHHS violated Ms. Smith's rights. See attached hereto as Exhibit 1 an authenticate copy of the right-to-sue notice mailed to Ms. Smith on April 1, 2009.

21. Ms. Smith filed this action within 90 days of her receipt of a notice of right-to-sue issued by the EEOC in that charge.

## COUNT ONE — R.C. Chapter 4112 Retaliation

22. Incorporating the allegations contained in the preceding paragraphs, Ms. Smith further alleges that, because Ms. Smith opposed UHHS's apparent racially and sexually charged

treatment of Ms. Brown, and because of her participation in the investigation of Ms. Brown's internal EEO complaint for race and sex discrimination, the Defendants retaliated against her by rating her a performance grade "C."

## COUNT TWO — R.C. Chapter 4112 Race Discrimination

23. Incorporating the allegations contained in the preceding paragraphs, Ms. Smith further alleges that she is a member of a protected class; that she is qualified for the position of HR Generalist; and that she participated in and supported Ms. Brown in the investigation of her internal EEO complaint.

24. On information and belief, Ms. Andrews participated in the investigation of Ms. Brown's internal EEO complaint.

25. After the internal investigation of Ms. Brown's EEO complaint, Ms. Reilly and Mr. Lawrence down-graded Ms. Smith to a "C" performance rating while down-grading Ms. Andrews to only a "B" performance rating.

26. Defendants Reilly and Lawrence unfairly rated Ms. Smith's performance at a "C," thereby denying Ms. Smith a salary increase without a legitimate non-discriminatory reason.

27. In so doing, Defendants UHHS, Reilly and Lawrence unlawfully discriminated against Ms. Smith on account of her race, in violation of R.C. Chapter 4112.

28. As a direct and proximate result of Defendants' actions, Ms. Smith has suffered loss of compensation, loss of future earnings and loss of time and money endeavoring to protect herself from Defendants' unlawful conduct, including costs and reasonable attorneys' fees.

## COUNT THREE — 42 U.S.C. §2000e-3(a)

29. Incorporating the allegations contained in the preceding paragraphs, Ms. Smith further alleges that, because Ms. Smith opposed UHHS's apparent racially and sexually charged

4

treatment of Ms. Brown, and because of her participation in the investigation of Ms. Brown's internal EEO complaint for race and sex discrimination, the Defendants retaliated against her by rating her a performance grade "C."

## COUNT FOUR - Title VII Race Discrimination

30. Incorporating the allegations contained in the preceding paragraphs, Ms. Smith further alleges that she is a member of a protected class; that she is qualified for the position of HR Generalist; and that she participated in and supported Ms. Brown in the investigation of her internal EEO complaint.

31. On information and belief, Ms. Andrews, participated in the investigation of Ms. Brown's internal EEO complaint.

32. After the internal investigation of Ms. Brown's EEO complaint, Ms. Reilly and Mr. Lawrence on behalf of UHHS down-graded Ms. Smith to a "C" performance rating while down-grading Ms. Andrews to only a "B" performance rating.

33. Defendants Reilly and Lawrence on behalf of Defendant UHHS unfairly rated Ms. Smith's performance at a "C," thereby denying Ms. Smith a salary increase without a legitimate non-discriminatory reason.

34. In so doing, Defendant UHHS unlawfully discriminated against Ms. Smith on account of her race, in violation of Title VII.

35. As a direct and proximate result of Defendants' actions, Ms. Smith has suffered loss of compensation, loss of future earnings and loss of time and money endeavoring to protect herself from Defendants' unlawful conduct, including costs and reasonable attorneys' fees.

## COUNT FIVE — 42 U.S.C. § 1981

36. Incorporating the allegations contained in the preceding paragraphs, Ms. Smith further alleges that, by engaging in the aforementioned retaliation and discrimination, Defendant UHHS impaired her right, under 42 U.S.C. § 1981, to make and enforce contracts.

37. As a direct and proximate result of Defendant's actions, Ms. Smith has suffered loss of compensation, loss of future earnings and loss of time and money endeavoring to protect herself from Defendants' unlawful conduct, including costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Smith requests that the Court:

A. Declare the actions of Defendants unlawful and violative of her statutory and common law rights:

B. Permanently enjoin Defendants, and all persons in active concert or participation with them, from engaging in retaliation against Ms. Smith for her participation in the investigation of Ms. Brown's internal EEO complaint;

C. Permanently enjoin Defendants, and all persons in active concert or participation with them, from engaging in discrimination against Ms. Smith on the basis of race;

D. Order Ms. Smith's 2007 performance rating restored to "A," with back pay for the merit increase associated with the "A" performance rating back to May 15, 2008, and other losses in an amount to be proved at trial;

E. Award her compensatory damages in excess of $25,000;

F. Award her punitive damages in excess of $25,000;

G. Award her pre-judgment and post-judgment interest on all monetary awards;

H. Award her the costs of this action, including reasonable attorneys' fees; and,

I.     Award such other and further relief as is necessary and proper.

>Respectfully submitted,
>
>LICATA & TOEREK
>
>*(signature)*
>
>LOUIS J. LICATA [0007034]
>DAVID J. KOVACH [0021117]
>Of Counsel
>CYNTHIA G. SCHUMAKER [0081650]
>6480 Rockside Woods Blvd, South, Suite 180
>Independence, Ohio 44131
>Telephone: (216) 573-6000
>Facsimile: (216) 573-6333
>Email: ljl@completecounsel.com;
>       djk@completecounsel.com;
>       cgs@completecounsel.com
>
>*Attorneys for Plaintiff*

## JURY DEMAND

Pursuant to Ohio Civil Rule 38(B), Ms. Smith demands a trial by jury on all of her claims.

*(signature)*

DAVID J. KOVACH

*Attorney for Plaintiff*